### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT FARRELL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) NO. CIV-22-0978-HE |
| OFFICER BREIDENSTEIN, *et al.*, | ) ) ) |
| Defendants. | ) ) |

### **ORDER**

The court previously dismissed plaintiff Robert Farrell's claims but gave him leave to amend. He has since filed an amended complaint which is substantially the same as his original complaint except that it adds individual capacity claims against the individual defendants. U. S. Magistrate Judge Shon T. Erwin has conducted a further initial screening of the amended complaint and has issued a Report and Recommendation recommending that the most, but not all, of the claims be dismissed. Plaintiff has objected to the Report, triggering *de novo* review of factual and legal matters to which objection has been raised. Plaintiff's objections are directed solely to the purported claims against CoreCivic.

The Report recommends dismissal of the claims against defendant CoreCivic because the amended complaint fails to allege a basis for concluding the claimed constitutional violations were due to an official policy or custom of CoreCivic which had been enacted or maintained with deliberate indifference to plaintiff's rights. Plaintiff's objection relies on two government reports indicating CoreCivic had understaffed some of its facilities in the past, which he contends resulted in deficient medical care.

Neither of the referenced reports are included in the amended complaint and are therefore not helpful to plaintiff is evaluating the sufficiency of the complaint to state a claim.  However, even if they had been included, they would not support an inference bearing on the purported claims here.  The reports were based on conditions apparently existing at CoreCivic facilities six or seven years ago, in 2016 and 2017.  Given the time lapse, the reports do not support any inference as to conditions existing at the time of plaintiff's incarceration or of CoreCivic's policies at the time.  The result is that, as the Report concluded, no basis for claim against CoreCivic is stated.

No party has objected to other aspects of the Report.

For substantially the reasons stated here and in the Report, the Report and Recommendation [Doc. # 28] is **ADOPTED**.[1]  The claims against defendant CoreCivic, the injunctive relief claim, the official capacity claims against the individual defendants, and the Eighth Amendment individual capacity claims against defendants Dickerson, Crane, Grant, Gillespie, and Bennett are dismissed.  Remaining for adjudication are plaintiff's individual capacity Eighth Amendment claims against defendants Breidenstein, Ferrell, and Stevens.  The remaining claims remain before Judge Erwin based on the prior referral.

---

[1] *The court does not view the dismissal of plaintiff's reasserted official capacity claims as being based on res judicata, as the prior order was not a final order.  However, the court continues to be of the same view as to those claims and no basis for revisiting the determination has been suggested.*

**IT IS SO ORDERED**.

Dated this 13th day of May, 2023.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE